UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANNON LEE DERTZ,

                Plaintiff,

v.                                     Case No. 24-cv-879-pp

STEVEN ARTS, *et al.*,

                Defendants.

**ORDER VACATING JUDGMENT (DKT. NO. 8), REOPENING CASE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Shannon Lee Dertz, who is incarcerated at the Drug Abuse Correctional Center (DACC) and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. On August 30, 2024, the court dismissed this case because the court had not received the plaintiff's $9.88 initial partial filing fee or an explanation for why he could not pay that fee by the August 13, 2024, deadline. Dkt. No. 7. The court later learned that the plaintiff *had* paid the fee—the court had received the fee on August 9, 2024—but court staff mistakenly had not docketed the payment. Because the plaintiff timely paid the initial partial filing fee, the court will vacate the judgment (Dkt. No. 8) and reopen this case. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

1

I. **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On July 16, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $9.88. Dkt. No. 5. As explained above, the court received that fee on August 9, 2024, but court staff did not docket the fee as received until September 13, 2024. The court will reconsider its previous order denying the plaintiff's motion for leave to proceed without prepaying the filing fee (Dkt. No. 7) and will grant the motion. The court will require the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this order.

II. **Screening the Complaint**

   A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The complaint involves events that allegedly occurred while the plaintiff was incarcerated at Sanger Powers Correctional Center in Hobart, Wisconsin. Dkt. No. 1 at 5, ¶3. It names as defendants Sergeant Steven Arts, Captain Pete Stiefvater and Superintendent Stephanie Cummings at Sanger Powers. Id. at ¶¶4–6. It also names Captain T. Jaeger Warden from Winnebago Correctional Center. Id. at ¶7. The plaintiff sues the defendants in their individual capacities. Id. at ¶¶4–7.

The plaintiff alleges that on February 20, 2024, he notified Stiefvater, Cummings and Arts that he was concerned about the weight limit for their transport vans because Sanger Powers staff were transporting "15 men from 190 lbs to almost 300 lbs" in one van, with some of those men "sitting on the floor because it was impossible for them to fit into the seats." Id. at ¶8. He says the weight limit for each van is 2,819 pounds, and he calculates that "each person has to weigh a proximity [*sic*] of 188 lbs" because of the clothing and equipment also stored in the van. Id. at ¶9. The plaintiff asserts that Stiefvater, Cummings and Arts disregarded "what inmates voiced," the concerns of the van driver and his email to them "to try and stop this evil and malicious act before anything serious happens." Id. at ¶10.

The plaintiff quotes sections of Wisconsin Division of Adult Institutions (DAI) policy number 325.00.04 pertaining to requirements for incarcerated

persons operating state-owned vehicles. Id. at 6, ¶¶13–14. He alleges that the drivers of the vans never were given these policies and never completed any training or "some behind the wheel instruction when approved to drive." Id. at ¶14. He says that Stiefvater, Cummings and Arts instead "bullied and lied to" the drivers. Id. at ¶15. The plaintiff claims that their actions "intentionally deprived [Sanger Powers] inmates of safe transportation to and from work" and was a "denial of public safety." Id. at ¶¶16–17. He says the defendants "intimidated, forced and/or coerced the [Sanger Powers] drivers to drive over packed and unsafe vehicles, then deprived them of work privileges." Id. at 7, ¶18.

The plaintiff separately alleges that Stiefvater denied him access to the court when he refused to accept the plaintiff's administrative complaints "because they were about him, his friend(s) and coworker(s)." Id. at ¶19. He alleges that Captain Jaeger also denied him access to the court "by not accepting or dismissing [his complaints] with false information, because they were about his friend(s) and coworker(s) and not investigating the situation." Id. at ¶20. But the plaintiff also says he has exhausted his administrative remedies and cites his administrative complaint number. Id. at ¶21.

The plaintiff seeks an order directing Stiefvater, Cummings and Arts to "reevaluate the seating arrangements and weight limits of the van so it's safe to transport inmates as well with the rest of the DOC." Id. at ¶22. He also wants each of those defendants removed from their positions with the Department of Corrections and unspecified compensatory and punitive damages. Id. at ¶¶23–

26. Finally, the plaintiff seeks to proceed on "state-law claims of negligence against all defendants" and to bring "criminal charges against all defendants." Id. at 7–8, ¶¶27, 29.

   C.   Analysis

The plaintiff's primary complaint is that Stiefvater, Cummings and Arts disregarded his concern about over-crowded transport vans at Sanger Powers. The court analyzes these allegations under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective component of an Eighth Amendment violation requires the plaintiff to demonstrate that the officials acted with the requisite intent, that is, that they had a "sufficiently culpable state of mind." Id. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff's allegations do not state a claim. He says the defendants transported up to fifteen incarcerated persons at once, which he believes is well over the van's weight limit and posed a safety concern. Although the plaintiff's allegations about over-crowded vans might be sufficient for the court to infer that the alleged over-crowding posed a substantial risk of serious harm, the plaintiff does not allege that *he* was exposed to this risk of harm or that *he*

suffered harm. He does not allege that *he* has been in an over-crowded van, that he was a driver of one of these vans or that he was injured during transport. The plaintiff only generally alleges that the defendants transported too many persons at once, that he believed this posed a risk to those persons' safety and that he complained about it. The plaintiff does not have standing to assert the rights of any other person and may sue only on his own behalf for harm that he personally suffered. See Lewis v. Casey, 518 U.S. 343, 349–50 (1996); Massey v. Helman, 196 F.3d 727, 739–40 (7th Cir. 1999). Because the plaintiff has not alleged that he was subject to or suffered any harm from the alleged practice of over-crowding transport vans, he has not stated a claim.

      The plaintiff also seeks to proceed against Stiefvater and Jaeger for denying or refusing to accept his administrative complaints about the van weight limit. But he also alleges that he exhausted his administrative remedies for his claims. Either way, the plaintiff has no inherent constitutional right to a prison grievance system. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). Nor does he have a "federal constitutional right to 'meaningful review of prisoner complaints,' including any investigation into the allegations in a grievance." Williams v. Tannan, Case No. 20-cv-1659-pp, 2024 WL 1071857, at *17 (E.D. Wis. Mar. 12, 2024) (quoting Steinke v. Dittmann, Case No. 17-cv-656, 2020 WL 470145, at *3 (E.D. Wis. Jan. 29, 2020), and citing Reimann v. Frank, 397 F. Supp. 2d 1059, 1081 (W.D. Wis. 2005)). That means the plaintiff has not stated a claim regarding the alleged mishandling or denial of his

institutional complaints or the defendants' refusal to investigate the allegations in his grievance.

To the extent the plaintiff alleges that the defendants violated DAI policy by not providing proper training for transport van drivers, he has not stated a claim. See Hunter v. Mueske, 73 F.4th 561, 567 & n.1 (7th Cir. 2023) (rejecting argument that violation of prison policy, on its own, violates the Eighth Amendment).

The court finds that the complaint does not state a claim for the reasons explained above. But it is possible that if he provided the court with more information, the plaintiff might be able to state an Eighth Amendment claim about the over-crowded vans. The court will give him an opportunity to amend his complaint to correct the deficiencies the court has identified and to better explain that claim. He may not include in the amended complaint his allegations about the denied administrative complaints because, as the court has explained, those allegations would not state a claim even with more detailed information.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated *his* constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? How was *the plaintiff* harmed? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant

with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the original complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

Even if the plaintiff files a proper amended complaint, the court does not have the authority to grant most of his requests for relief. His request for a change in the "seating arrangements and weight limits of the van" is moot because he no longer is incarcerated at Sanger Powers and has not alleged "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains." Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011). The court has no authority over hiring or firing decisions of penal institutions and cannot order Sanger Powers to demote or fire its employees. The court also no authority to order or bring criminal

9

Case 2:24-cv-00879-PP   Filed 10/16/24   Page 9 of 12   Document 11

charges against the defendants, and the plaintiff is not entitled to have law enforcement investigate the defendants or to have the state or federal government prosecute them. See Wright v. Runyan, 774 F. App'x 311, 312 (7th Cir. 2019) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). If the plaintiff believes someone has committed a crime, he should report that to law enforcement. If the plaintiff files an amended complaint, he may proceed on his request for damages only.

Finally, because the complaint does not state a federal claim, the court will not exercise supplemental jurisdiction over any putative claims arising under state law. The court will dismiss any state law claims without prejudice under 28 U.S.C. §1367(c)(3).

### III. Conclusion

The court **VACATES** the judgment (Dkt. No. 8) and **ORDERS** that this case is **REOPENED**.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 15, 2024**. If the court receives from the plaintiff an amended complaint by the above deadline, the court will screen it as required

by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$340.12** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Superintendent of the Drug Abuse Correctional Center where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 16th day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**